IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'24 MAR 7 AM 10:25

JIMMIE MCNAIR,

    Plaintiff,

v.

LAUREN CORBIN, *et al.*,

    Defendants.

Civil Action No.: 24-cv-0485-LKG

Dated: March 6, 2024

## MEMORANDUM

On February 16, 2024, plaintiff Jimmie McNair, who is currently housed at Montgomery County Correctional Facility, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Assistant Public Defender Lauren Corbin, The Office of the Public Defender, and the State of Maryland violated his constitutional rights. ECF No. 1. He also moved to proceed in forma pauperis. ECF No. 2. McNair's motion to proceed in forma pauperis shall be granted; however, the complaint shall be dismissed for the reasons stated in this memorandum.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of this complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020). In doing so here, the Court gives the Amended Complaint a liberal reading, construing all facts as true and in the light most favorable to McNair. *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

McNair's Complaint alleges that the Defendants "incompetently" represented him "in the State of Maryland," which caused him emotional distress, violated his constitutional and civil rights, and led to the loss of his vehicle. ECF No. 1 at 4. More specifically, he states that the Defendants did not request dismissal of his case and did not "request that the prosecutor proffer competent proof." *Id.* Had these things been done, he argues he "would not be locked up to date." *Id.*

A civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

One of the named Defendants in this matter is Assistant Public Defender Lauren Corbin. Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454 U.S. 312, 453-54 (1981). Thus, a claim pursuant to § 1983 cannot be maintained against Assistant Public Defender Lauren Corbin and must be dismissed.

Additionally, claims against the State of Maryland and the Office of the Public Defender cannot proceed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign

2

immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Therefore, claims against the State of Maryland and the Office of the Public Defender must be dismissed.

Finally, the Court notes that McNair seeks relief pursuant to 42 U.S.C. § 1983. McNair's Complaint alleges wrongs which occurred in the course of his criminal prosecution, and he states that the "wrongs are continuing to date" because he remains detained. McNair's Complaint implies that he is still awaiting trial, but it is not clear if that is the case. To the extent McNair's criminal charges remain unadjudicated, this Court may not grant relief that "would interfere with '(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" *United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013) (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008)); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971). This Court will not interfere with McNair's pending state criminal case. *See United States v. South Carolina*, 720 F.3d at 527. For this additional reason, his case cannot proceed.

A separate Order follows.

March 6, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge